UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  5:11cr46/MW/MAL
                5:22cv165/MW/MAL

SARA MARI HOEHN,
                                        /

## REPORT AND RECOMMENDATION

This matter is before the court on Sara Mari Hoehn's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." ECF No. 181. The Government has moved to dismiss the motion as an unauthorized second motion under 28 U.S.C. § 2255. ECF No. 184. Ms. Hoehn did not file a response in opposition, despite having been afforded the opportunity to do so. Upon a review of the record, the undersigned concurs that the motion is an unauthorized successive motion and it must be dismissed.

BACKGROUND AND DISCUSSION

On December 13, 2011, a grand jury charged Ms. Hoehn with conspiracy to manufacture and possess with intent to manufacture and distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 846 ("Count One"); manufacture and possession with intent to manufacture and distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §

841(a)(1), (b)(1)(A) ("Count Two"); and possession of a firearm—a sawed off shotgun-- in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(i), (c)(1)(B)(i) ("Count Three"). ECF No. 1. A jury found her guilty of each count. ECF No. 74. The district court sentenced her to a term of 331 months' imprisonment. The Eleventh Circuit affirmed her conviction, *see United States v. Hoehn*, 572 Fed. App'x 835 (11th Cir. 2014), and she remains incarcerated with a projected release date of June 10, 2032. https://www.bop.gov/inmateloc//.

Ms. Hoehn previously sought § 2255 relief. *See* ECF No. 122. In March of 2018, the district court denied her motion and also denied a certificate of appealability. *See* ECF Nos. 142, 148. From July of 2020 through July 2022, Ms. Hoehn filed multiple motions for compassionate release or otherwise seeking release from custody, each of which the court denied. *See* ECF Nos. 150, 154, 155, 156, 157,165-169, 174, 179, 180.

Ms. Hoehn filed the instant § 2255 motion, her second, in August of 2022. She asks that the court vacate her conviction on Count Three, because no element of the offenses charged in Counts One and Two requires proof that she "used, attempted to use or threatened to use force." ECF No. 191 at 14.

Before a federal prisoner may file a second or successive § 2255 motion, she must ordinarily first obtain an order from the appropriate court of appeals

authorizing the district court to consider the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h); *Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021). Without such authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion. *Armstrong*, 986 F.3d at 1348 (if a movant fails to obtain authorization, the district court must dismiss a second or successive § 2255 motion for lack of jurisdiction); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

A numerically second § 2255 motion, however, is not always "second or successive" under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Stewart v. United States*, 646 F.3d 856, 859–60 (11th Cir. 2011). The phrase "second or successive," as used in the AEDPA, is a term of art. *Slack v. McDaniel*, 529 U.S. 473, 486, 542 (2000). For a second motion to be considered "successive," the first denial or dismissal must have been on the merits and with prejudice, rather than on a procedural ground. *See id.* at 485-86. Ms. Hoehn's first motion was denied on the merits.

Additionally, a motion is not second or successive if it challenges a "new judgment" issued after the prisoner filed his first motion. *See Telcy v. United States*, 20 F. 4th 735, 740 (11th Cir. 2021) (citing *Magwood v. Patterson*, 561 U.S. 320, 323-24 (2010)). Ms. Hoehn does not challenge a new judgment.

Another way for a defendant to avoid AEDPA's gatekeeping requirements for second or successive motions is if the basis for the second-in-time § 2255 motion did not exist at the time of the first § 2255 motion. *Stewart*, 646 F. 3d at 863-65 (vacatur of predicate state court convictions); *Boyd v. United States*, 754 F. 3d 1298, 1301-02 (11th Cir. 2014) (same). In this case Ms. Hoehn purports to rely on *United States v. Taylor*, 142 S. Ct. 2015 (2022) in support of her claim that her underlying convictions were not "crimes of violence." *Taylor*, which held that attempted Hobbs Act robbery does not qualify as a crime of violence under the elements clause of the statutory definition of crime of violence, is inapposite. Furthermore, Ms. Hoehn's argument ignores that § 924(c) applies to both crimes of violence and drug trafficking crimes.

Therefore, Ms. Hoehn's successive motion falls within the larger subset of cases for which authorization from the Eleventh Circuit is required, as she is challenging the same judgment she challenged in her initial motion. Such authorization would be required even when a defendant asserts that her motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2). Ms. Hoehn has not obtained authorization from the appellate court to file a successive motion, and therefore, the instant motion to vacate must be

dismissed without prejudice because this Court does not have jurisdiction to entertain it.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The Government's Motion to Dismiss Defendant's Unauthorized Second Motion Under 28 U.S.C. § 2255 (Doc. 181) for Lack of Jurisdiction (ECF No. 184) be **GRANTED.**

2. Hoehn's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 181) be **DISMISSED**.

3. A certificate of appealability be **DENIED**.

At Gainesville, Florida on August 3, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.