IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF FLORIDA

———————————————————————

SARA MARI HOEHN Petitioner,


vs.                                    Case No: 5:11cr46/MW/MAL


UNITED STATES OF AMERICA   Respondent.

————————————————————————————————————


MOTION FOR REDUCTION IN SENTENCE PURSUANT TO
18 U.S.C. § 3582(c)(1)(A) AND OR 3582(c)(2) Amendment 821

————————————————————————————————————

FILED USDC FLND PN JFJ
APR 30 '24 PM1:54

## INTRODUCTION

People grow, mature and evolve, and because conditions and circumstances change, it is virtually impossible to make sound decisions when first imposing sentence about precisely how long someone should spend behind bars. But that is exactly how the federal criminal justice system works. Judges are required to act as if they are omniscient and the prison terms they impose are — for all intents and purposes — final. Ms. Hoehn has done everything in her power to rehabilitate herself as demonstrated by her genuinely exceptional accomplishments and meritorious prison record. She does not seek to justify, diminish, or detract from the seriousness of her offenses. And she unequivocally accepts responsibility for her criminal conduct.

Ms. Hoehn now moves this court pro-se for an order granting a reduction of sentence to time served as she respectfully submits that there are numerous "extraordinary and compelling reasons" that exist for a reduction of Ms. Hoehn's current 235-month sentence/and or 19.58-year term of imprisonment.

## FACTS

A grand jury returned an indictment charging Sara Mari Hoehn with three counts: conspiring to possess with intent to distribute methamphetamine, 21 U.S.C. § 846 (Count 1); manufacturing and possessing with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count 2); and possessing a sawed-off shotgun in furtherance of a drug-trafficking crime, 18 U.S.C. §§ 2, 924(c)(1)(A)(i), (c)(1)(B)(i) (Count 3). After a jury trial, she was found guilty on all three counts. She was sentenced to 331-months imprisonment at the age of 22. In 2014, she received a two-point reduction which reduced her term of imprisonment to 24 years. She has served 2 years over the 10-year threshold of 1B1.13(6).

Petitioner moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus there are two questions before this Honorable Court: first, whether Petitioner should be excused from her administrative exhaustion requirement, and second, whether Petitioner has demonstrated extraordinary and compelling reasons for a sentence reduction.

**EXHAUSTION REQUIREMENT**

Section 3582(c)(1)(A) plainly imposes an exhaustion requirement which must be satisfied before a defendant may move the court for release. Petitioner respectfully asks the Court to waive that requirement, because it would be futile for her to seek to exhaust her administrative remedies or wait thirty days. The Government may argue that the Court must not consider Petitioner's request because she has not satisfied the exhaustion requirement but it fails to convincingly address the merits of Petitioner's request for a waiver of that requirement. "Even where exhaustion is seemingly mandated by statute . . . , the requirement is not absolute." Washington

v. Barr, 925 F.3d 109, 118 (2d Cir. 2019). There are generally three bases for waiver of an exhaustion requirement. See United States v. Perez, No. 17cr513-3(AT), ECF No. 98 at 3-4 (S.D.N.Y. Apr. 1, 2020) (discussing exceptions to statutory exhaustion in context of motion for compassionate release). "First, exhaustion may be unnecessary where it would be futile, either because agency decisionmakers are biased or because the agency has already determined the issue." Washington, 925 F.3d at 118. "[U]ndue delay, if it in fact results in catastrophic health consequences, could make exhaustion futile." Id. at 120. Second, "exhaustion may be unnecessary where the administrative process would be incapable of granting adequate relief," including situations where "the relief the agency might provide could, because of undue delay, become inadequate." Id. at 119-20. Third, "exhaustion may be unnecessary where pursuing agency review would subject plaintiffs to undue prejudice." Id. at 119

The Petitioner respectfully requests for this Honorable Court to conclude that an exemption to the exhaustion requirement apply to Petitioner's request. United States v. Powell, No. 1:94-cr-316(ESH), ECF No. 98 (D.D.C. Mar. 28, 2020) (finding administrative exhaustion futile, waiving § 3582(c)(1)(A)'s exhaustion requirement, and granting motion for compassionate release).

## ARGUMENT

There is no excuse for her actions, however, Ms. Hoehn submits that the current sentence is longer than necessary in the case to achieve the objectives that a sentence be sufficient but not greater than necessary, to achieve the goals of sentencing as spelled out in 18 U.S.C. § 3582.

The abovementioned amendment revises §1B1.13 (colloquially referred to as the Commission's "Compassionate Release" policy statement) to reflect that a defendant is now authorized to file a motion under 18 U.S.C. § 3582(c)(1)(A), making §1B1.13 applicable to both defendant-filed and BOP-filed motions.

The amendment expands the list of "extraordinary and compelling reasons" in five ways to better account for the plain language of section 3582(c)(1)(A) and its legislative history, to reflect the reasons relied upon by many courts after passage of the First Step Act in the absence of a binding policy statement, and to account for recent experiences—including those pertaining to the pandemic:

(1) adds "Medical Circumstances" subcategories;

(2) modifies the "Family Circumstances" category;

(3) adds a "Victim of Abuse" category;

(4) revises the "Other Reasons" category; and

(5) adds an "Unusually Long Sentences" category, permitting consideration of non-retroactive changes in law in a narrow set of circumstances.

This provision responds, in part, to the Department of Justice's recognition that use of Section 3582(c)(1)(A) may be appropriate "where an individual in BOP custody has been determined to have been the victim of sexual assault perpetrated by BOP personnel."

Section 1B1.13(4):

(4) Victim of Abuse. —The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of: (A) sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim);

Pursuant to section 1B1.13(4), petitioner is entitled to appropriate relief as a result of the sexual abuse she incurred while incarcerated at FCC Coleman Camp from 2017-2020. (SEE enclosed the documentation of the civil suit for this matter.) Even though this matter resulted in a civil settlement between the BOP and Petitioner, there is clear evidence that she sustained a traumatic brain injury. Specifically, she developed post-traumatic headaches and post-traumatic stress disorder. While the BOP did acknowledge the negligence of its employee, the BOP still failed to protect Petitioner by negligently employing a sexual predator. Moreover, pursuant to PREA, Petitioner had a legal right to not be sexually harassed or pressured. In fact, she had a right to assume that all BOP employees and contractors would not be law-breakers and illegally sexually abuse her.

Next, pursuant to section 1B1.13(6), Petitioner is entitled to appropriate relief based on the unusually long sentence she received, and she has served more than 12 years of her term of imprisonment.

(6) Unusually Long Sentence — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment.

## A. The Court is Authorized to Grant Relief

Congress and the Sentencing Commission established a procedure for amending the United States Sentencing Guidelines (U.S.S.G.) under certain circumstances. See U.S.S.G. § 1B 1.10, generally. In accordance with Amendment No. 821, effective November 1, 2023, the Commission issued a rule allowing a reduction in the Guideline sentencing range (GSR) for certain offenders who were the victim of a verified sexual assault by a prison official. This Court, in its discretion, may credit as extraordinary and compelling Petitioner's status as a survivor of a verfied sexual assault by a prison official. For example, the BOP took seriously Petitioner's allegation that she was the victim of a sexual assault by a prison official, as this Honorable Court should do as well. Unlike, United States v. Stewart, No. 22-2770 (3d Cir. 2023), wherein the Petitioner raised the sexual abuse claim for the first time in his compassionate release motion, this Petitioner did take her claim to the "large and sophisticated regime already in place to handle allegations of prisoner rape." In fact, this Petitioner did pursue available remedies, and thus the Bureau of Prisons had the opportunity to investigate and substantiate her claims. The Stewart District Court acted within its discretion in holding that a mere allegation of prison rape, without more, is not an extraordinary and compelling reason for early release. See USSG §1B1.13(b)(4) ("[T]he misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."). Because this Petitioner acted within the Sentencing Commission's provisions, reasons for compassionate release, should be appropriate for the relief requested.

Moreover, once a Petitioner successfully shows "extraordinary and compelling circumstances," then the district court may consider intervening changes in the law as part of the sentence-reduction inquiry. See Andrews, 12 F.4th at 262.2. Petitioner respectfully requests for this Honorable Court to acknowledge the Commission's proposed amendments to the Sentencing Guidelines that took effect on November 1, 2023 and expanded the list of "extraordinary and compelling reasons" that may warrant sentence reductions under § 3582(c)(1)(A), including for some individuals with "unusually long sentences." See U.S. Sentencing Comm'n, Guidelines Manual, §1B1.13(b)(6) (Nov. 1, 2023). Therefore, this Honorable Court may consider their effect on the validity of Andrews in an appropriate case.

When the Commission declares an amendment to the Guidelines retroactive, 18 U.S.C. 3582(c)(2) authorizes a district court to reduce a sentence based on the amended provision:

**B. Extraordinary and Compelling Reasons**

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons," and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the Sentencing Guidelines further explains that a sentence reduction under § 3582(c)(1)(A) may be ordered where a court determines, "after considering the factors set forth in 18 U.S.C. § 3553(a)," that (1)(A) Extraordinary and compelling reasons warrant the reduction; . . . (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) The reduction is consistent with this policy statement. Application Note 1 to that Guidelines provision enumerates certain circumstances constituting "extraordinary and compelling reasons" that justify a sentence reduction, including certain medical conditions,

advanced age, certain family circumstances, or some "other" reason "[a]s determined by the Director of the Bureau of Prisons." The Note specifies that Section 1B1.13(4):

(4) Victim of Abuse.—The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of: (A) sexual abuse involving a 'sexual act,' as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim);

Separately, the Petitioner respectfully requests for this Honorable Court to conclude that Petitioner is not a danger to the safety of any other person or to the community, and the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of her release.

## C. Sentencing Factors Under 18 U.S.C. § 3553(a)

In a § 3582(c)(2) proceeding, evidence of post-conviction rehabilitation is likely the most important of the court's core considerations. The Supreme Court emphasized the significance of post sentencing rehabilitation in Pepper v. United States, 562 U.S. 476, 491 (2011)5: "There would seem to be no better evidence than a defendant's post-incarceration conduct," and that "post sentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in § 3553(a)(2). See also Id ("In addition, evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district courts to consider at sentencing. For example, evidence of postsentencing rehabilitation may plainly be relevant to 'the history and characteristics of the defendant.' § 3553(a)(1). Such evidence may also be pertinent to 'the need for the sentence imposed' to serve the general purposes of sentencing set forth in § 3553(a)(2)—in particular, to

'afford adequate deterrence to criminal conduct,' 'protect the public from further crimes of the defendant,' and 'provide the defendant with needed educational or vocational training ... or other correctional treatment in the most effective manner.'"; Andrea Avila, Consideration of Rehabilitative Factors for Sentencing in Federal Courts: Tapia v. United States, 131 S. Ct. 2382 (2011), 92 Neb. L. Rev. (2014) ("The pendulum swung too far from rehabilitation during the sentencing reform movement; our goal should be to create a balance between the justifications for punishment. Incorporating rehabilitative options does not have to be to the exclusion of incapacitation, deterrence, and retribution -- it can serve those purposes, as well. Tapia should not function as an abdication of rehabilitation in our criminal justice system but instead as an opportunity to more closely focus the lens on evidence-based rehabilitation") (available at: https://digitalcommons.unl.edu/nlr/v0192/iss2/6).

Amendment 768 repealed U.S.S.G. § 5K2.19, in the wake of Pepper, which had barred a court from considering postsentencing rehabilitation in a resentencing proceeding. See also Concepcion v. United States, 142 S. Ct. 2389,

A number of factors warrant a sentence at or below the new Guideline range. The Court also has the power to reduce the sentence further than the low end of the guidelines in the case and can consider a variety of reasons that demonstrate extraordinary and compelling reasons to do so.

Ms. Hoehn's adjusted sentence, after applying Amendment 821, continues to reflect the seriousness of the offense and plainly affords adequate deterrence to criminal conduct. It further serves to protect the public from criminality, since Ms. Hoehn will be closely monitored by a federal probation officer while on supervised release, under conditions imposed by the Court at sentencing.

Ms. Hoehn has used her time while incarcerated to further her educational and vocational skills, completing numerous courses offered in prison, as well as taking advantage of opportunities to better herself.

Serving an original sentence of 27 years was not easy to accept and deal with. Ms. Hoehn used her time in prison productively, and committed herself to changing her character. There were two roads for Petitioner to choose from, one was a road of mischief and trouble. The other was a road of self-betterment and rehabilitation.

Petitioner chose a road of self-betterment. In her pursuit of rehabilitation, she made exceptional strides in bettering herself. In fact, she is very grateful to the BOP for providing her the opportunity to have recently completed the 1200 hr. FSA/ VT cosmetology program. (She is currently awaiting testing to receive her Florida cosmetology license for the state of Florida.) This has made her reentry ready instead of recidivism ready.

Other marketable skills include:

- 411- operator,

- plumbing,

- commissary,

- warehouse production coordinator,

- Q&A coordinator,

- scheduled YRC trucks in and out for different distubution centers,

- power house water towers and lift stations,

- HVAC commercial and residential,

- landscape,

- heavy machinery,

- lawn mowers,

- food service,

- K-9 dog training for service dogs of Alabama (I was a primary handler and clerk for all activities)

Lastly, Petitioner also has the opportunity to be the Reentry Affairs Director for Safeguard Atone Validate Educate (SAVE) a national 501(c) 3 organization dedicating to making people job-ready instead of jail-ready. For more information about SAVE please visit: www.AboutSAVE.org. She will reside with her parents, who are homeowners and have the financial stability to help her with supported employment and permanent supported housing.

Petitioner's record of rehabilitation can be considered extraordinary. She submits that she is no longer the woman who made irrational and irresponsible choices to engage in criminal conduct, and that there is no concern that she would be a danger to the public if released. This is because she has learned to respect the rule of law, in conjunction with her rehabilitation. See Lois M. Davis, et al., Evaluating the Effectiveness of Correctional Education: A Meta-Analysis of Programs That Provide Education to Incarcerated Adults, RAND CORP. (2013) (explaining, a meta-analysis of studies that evaluated correctional education and post-release recidivism found that "on average, inmates who participated in correctional education programs had 43 percent lower odds of recidivating than inmates who did not"). Petitioner has used her time in prison

wisely to gain valuable knowledge and skills that will allow her to contribute to society upon her release.

The Court can and should consider the sexual assault, and the trauma associated with it. Petitioner easily meets the threshold requirement of "extraordinary and compelling reasons" warranting a reduction in her sentence to time-served.

Ms. Hoehn submits that she is no longer a threat to public safety and the conviction in this case is a clear deterrent from committing crimes for not only Petitioner but others as well. In terms of both specific and general deterrence, there is overwhelming evidence in the scientific literature that the certainty of being caught is a vastly more powerful deterrent than the [severity of the] punishment. United States v. Browning, 2021 U.s. Dist. LEXIS 38058, at *12-13 (ED. Mich. Mar. 2, 2021). Browning quotes the findings made by the United States

Department of Justice (DOJ) article entitled, "Five Things About Deterrence 1, at

12-13 (2016), which states:

Severity refers to the length of a sentence. Studies show that for most individuals convicted of a crime, short to moderate prison sentences may be a deterrent but longer prison terms produce only a limited deterrent effect. In this case Ms. Hoehn submits that the current term of 24 years is overly harsh and not needed to achieve the goals of sentencing as contemplated by 18 U.S.C. §3553 (a).

Certainty refers to the likelihood of being caught and punished for the commission of a crime. Research underscores the more significant role that certainty plays in deterrence than severity — it is the certainty of being caught that deters a person from committing crime, not the fear of being punished or the severity of the punishment. Effective policing that leads to swift and

certain (but not necessarily severe) sanctions is a better deterrent than the threat of incarceration. In addition, there is no evidence that the deterrent effect increases when the likelihood of conviction increases. Nor is there any evidence that the deterrent effect increases when the likelihood of imprisonment increases.

See also Daniel S. Nagin, Deterrence in the Twenty-First Century, 42 Crime & amp; Just. 199, 201 (2013) ([T]here is little evidence of a specific deterrent effect arising from the experience of imprisonment compared with the experience of noncustodial sanctions such as probation. Instead, the evidence suggests that reoffending is either unaffected or increased [by longer sentences]).

Ms. Hoehn is asking this Court for a second chance to reclaim her life. Most recently the Sentencing Commission answered calls for the people in the best position to determine if a sentence should be revisited - Federal Sentencing Courts. The Commission submitted amendment's that have restored that power to determine what an extraordinary and compelling reason is to reduce a federal sentence.

**CONCLUSION**

Ms. Hoehn is asking this Honorable Court for compassion, and in asking for that compassion she asks that the Court exercise the enormous power given back to federal sentencing judges by Congress.

_____

**SARA MARI HOEHN**

**DATE:** _____

# CERTIFICATE OF SERVICE

I, Sara Mari Hoehn hereby certify that on this _____ day of _____,

2024, I did place the enclosed motion for relief pursuant to 18 U.S.C. 3582, in

the prison mailing system addressed to the following parties:

United States District Court Clerk
1 N Palafox St,
Pensacola, FL 32502

United States Attorney's Office
1001 E Highway 98
Panama City, FL 32401

Signed under the penalty of perjury, this _____ day of _____, 2024.

_____
**SARA MARI HOEHN**