# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**UNITED STATES OF AMERICA,**

v.                              Case No.: 5:11cr46-MW/MAL

**SARA MARI HOEHN,**

    *Defendant.*
_____/

## ORDER DENYING RENEWED
## MOTION FOR COMPASSIONATE RELEASE

This Court previously denied Defendant's most recent motion for compassionate release based on her failure to demonstrate that she had exhausted the administrative process prior to filing the motion. *See* ECF No. 204. This Court permitted Defendant to renew her motion in the event she could demonstrate that she had satisfied the exhaustion requirement. *Id*. This Court has considered, without hearing, Defendant's *pro se* memorandum on exhaustion of administrative remedies, ECF No. 205, and the Government's expedited response, ECF No. 207. The Government concedes that Defendant has exhausted the administrative process. The Government also asserts that it will rely upon its prior briefing in opposition to Defendant's motion for compassionate release. Accordingly, this Court will consider anew Defendant's motion for compassionate release, ECF No. 199, the Government's response, ECF No. 202, and Defendant's reply, ECF No. 203.

Under the Sentencing Commission's updated policy statement, this Court may reduce a sentence of imprisonment if, after considering the relevant § 3553(a) factors, this Court determines that "extraordinary and compelling reasons" warrant the reduction, the Defendant is not a danger to the safety of any other person or the community, and the reduction is consistent with the policy statement.

Section 1B1.13 of the Guidelines Manual now defines "extraordinary and compelling reasons" to include an "unusually long sentence," if the Defendant has served at least 10 years of his term of imprisonment and a change in the law would produce a gross disparity between the sentence being served and the sentence likely to be imposed if Defendant were sentenced today. The change in law cannot include an amendment to the Guidelines Manual that has not been made retroactive, and this Court must first fully consider the Defendant's individualized circumstances before determining whether her sentence presents an extraordinary and compelling reason for compassionate release. In addition, if the Defendant is a victim of abuse that has occurred while in custody serving the term of imprisonment sought to be reduced, this also qualifies as an "extraordinary and compelling" reason if the misconduct is "established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceedings, unless such proceedings are unduly delayed or the defendant is in imminent danger."

Here, Defendant asserts she is entitled to compassionate release because she was sentenced to an "unusually long sentence" and because she was the victim of sexual abuse while in custody for her underlying conviction. The Government asserts in response that Section 1B1.13(b)(6), which sets out the "unusually long sentence" ground for compassionate release, is unconstitutional. In the alternative, the Government argues that Defendant has failed to demonstrate that she has been sentenced to an unusually long sentence such that she is entitled to compassionate release on this ground. Likewise, the Government asserts Defendant has failed to demonstrate that she is eligible for compassionate release as a victim of sexual abuse while in custody because the misconduct has not been established by a criminal conviction or a finding of liability against the perpetrator.

This Court previously rejected the Government's argument challenging the constitutionality of Section 1B1.13(b)(6) and does so again here. However, this Court agrees with the Government's alternative argument that Defendant has failed to demonstrate why she is eligible for compassionate release based on the length of her sentence. Specifically, Section 1B1.13(b)(6) requires that Defendant also demonstrate that a change in law other than a non-retroactive amendment to the Guidelines Manual would produce a gross disparity between the sentence she is serving and the sentence likely to be imposed at the time she filed this motion. But Defendant has not provided any explanation or argument as to what change in law

would produce a gross disparity between the sentence she is now serving and the sentence likely to be imposed if she were sentenced today. In her reply, Defendant only points to her sentence reduction under Amendment 821, which reduced her sentence from 289 months to 255 months, as grounds for relief. *See* ECF No. 203 at 2. But Defendant has already benefited from this sentence reduction under Amendment 821—she has not demonstrated that the change in law would result in a gross disparity had her sentence been imposed today. Defendant is not eligible for compassionate release on this ground.

The Government also asserts that Defendant has not established eligibility for compassionate release as a victim of abuse because the misconduct at issue has not been established by a criminal conviction, a finding of liability, or an administrative hearing. ECF No. 202 at 4. This Court agrees. Although Defendant points to criminal convictions of other BOP employees to demonstrate a "culture of sexual abuse," *see, e.g.*, ECF No. 203 at 5–6, she has not demonstrated that the specific misconduct of which she was the victim has been established by a criminal conviction, finding of liability, or an administrative hearing. Instead, Defendant concedes she settled her civil case challenging the sexual abuse and that the Government "chose not to prosecute Palomares" for his actions. *Id.* at 6–7. Accordingly, Defendant has not demonstrated that she is eligible for compassionate release.

For these reasons, Defendant's renewed motion for compassionate release, ECF No. 199, is **DENIED**. The Clerk shall close the file.

**SO ORDERED on June 11, 2024.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**